PER CURIAM:
Claimant brought this action for damage sustained to her vehicle as a result of an encounter with a large hole at the junction of W. Va. Route 61 and County Route 79/3, a junction maintained by respondent in Kanawha County. The Court is of the opinion to make an award for the reasons more fully stated below.
At the j unction of W. Va. Route 61 a nd County Route 79/3 there is an underpass, which is approximately thirty to fifty feet in length. Surprisingly, t he underpass throughway is flat. County Route 79/3 is about twenty-two feet wide, whereas W. Va. Route 61 is about twenty-four feet wide. The underpass is controlled by a stoplight which restricts traffic flow to one direction at a time. A motorist coming out of the underpass onto W. Va. Route 61 would encounter a large hole located approximately fifty to seventy feet after passing the underpass. The hole was four to six inches deep and was wide enough to encompass the centers of both lanes on W. Va. Route 61. Further, the hole did not become visible to the motorist until after she passed through the underpass. Respondent was aware of this defective condition and placed two steel plates, measuring ten feet by fourteen feet by three inches thick, over the hole. Moreover, respondent was aware that large trucks would often push these steel plates under one another, exposing the hole.
One day in January of 1998 at about 12:00 p.m., claimant was driving her 1991 Pontiac Grand Am from County Route 79/3, Cábin Creek, to W. Va. Route 61. Traveling at a rate of speed about twenty miles per hour in a thirty-five miles per hour zone, c laimant’s v ehicle hit a 1 arge h ole, which w as n ot c overed b y steel p lates. Previously, claimant had driven the same road. However, on those previous occasions, metal plates covered the hole. The damage that resulted from hitting the hole was that the 1991 Pontiac Grand Am was knocked out of alignment and there was damage to the tires, which were new. Total damage to the vehicle as a result of hitting the hole was in *17 the sum of $145.15. Claimant’s insurance had a deductible feature of five hundred dollars. There was a ten month lapse between the accident and notice of the damage to her tires. Afterwards, claimant contacted the respondent regarding the accident.
Respondent acknowledged that the hole on W. Va. Route 61 was a very bad and ongoing problem. Specifically, there was a “base failure” which was exacerbated by the traffic flow of large trucks. This defective condition on W. Va. Route 61 existed approximately three hundred feet from respondent’s garage. Cold mix asphalt was used on a regular basis to fix the hole, since hot asphalt mix is unavailable during the winter. The large trucks would knock off steel plates and dig out the cold mix asphalt. Consequently, the road was difficult to maintain during the winter. Further evidenced was the fact that daily reports showed work on the road on a regular basis. Eventually, the black top was removed to secure the metal plates in the road during March of 1998. Future work has been scheduled to give the road more stability.
The well established principle of law in West Virginia is thatthe State is neither an insurer nor a guarantor of the safety of motorists upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive notice. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985); Harmon vs. Dept. of Highways, 16 Ct.Cl. 127 (1986).
In the present case, the evidence established that respondent’s employees inspected the junction of W. Va. Route 61 and County Route 79/3 on a regular basis. This inspection usually resulted in repair work to the junction in question. Thus, respondent had actual notice of the condition then and there existing. The Court is of the o pinion t hat r espondent did n ot t ake r easonable s teps toe nsure t he s afety o f motorists traveling at the junction of W. Va. 61 and County Route 79/3. Consequently, there is sufficient evidence of negligence to base an award.
In view of the foregoing, the Court makes an award in the amount of $145.15 to claimant for the damages to her vehicle.
Award of $145.15.